### Jesse Bolles v. Uberto Bowen.

The sheriff's return that he has left a true copy of the writ with the defendant, is conclusive upon the parties, and cannot be contradicted for the purpose of defeating the suit in which such return is made; but the remedy is by an action against the officer for a false return.

WRIT of ENTRY, on a mortgage.

Defendant pleaded in abatement a defect in the service of the writ, in this,—that the writ contained a clause of *ad damnum* $500,—and the copy of said writ given to defendant contained no such clause. The plaintiff demurred, the court sustained the demurrer, and defendant filed this bill of exceptions, which is allowed and signed by the court, and the writ, officer's return, and plea in abatement, (not to be printed,) may be referred to as part of this bill.

*Woodward*, for defendant.

The statute requires the officer (if he does not make service by reading,) to give to the defendant an *attested copy* of the writ, or to leave such copy at his usual place of abode. Comp. Stat. chap. 194, sec. 2.

There can be but one meaning to the words, "*attested copy*." If it fails merely in words of form, as well as in words of substance, to be like the original, it fails to be a copy. If the writing given the defendant by the officer making service of the writ is not a copy of the original, the officer makes no service, and the writ should abate.

Sections 10 and 11, of chap. 198 of the Comp. Stat. (also case of *Berry* v. *Osborne*, 28 N. H. 279,) are inapplicable to this case, because section 10 of said chapter provides that the court and justices, on motion, may order an amendment "*in any such case*," referring to all the things mentioned before and in the same section. But this is a case that cannot be amended, therefore said sections 10 and 11 do not and cannot apply.

The case of *Adams* v. *Wiggins*, 42 N. H. 553, rested upon the 4th sec. of chap. 194, of Comp. Stat., and is therefore inapplicable.

The use of an *ad damnum* in a writ of entry is coeval with the writ itself, and should be considered as a material part of the writ, and especially so in a foreclosure of a mortgage in which the judgment is conditional. Comp. Stat. chap. 203, sec. 11.

*Wheeler & Faulkner*, for plaintiff.

BELLOWS, J. As between the parties, the return of the sheriff is conclusive upon all matters material to be returned; and cannot be contradicted by such parties or their privies, or by bail, endorsers, or others, whose rights or liabilities are dependant upon the suit.

The remedy for a false return is by suit against the sheriff, and not by defeating the proceedings in which such return is made. *Lewis* v. *Blair*, 1 N. H. 68; *Brown* v. *Davis*, 9 N. H. 76; *Angier* v. *Ash*, 26 N. H. 99, and cases cited; *Messer* v. *Bailey*, 20 N. H. 9; *Hall* v. *Tenney*, 11 N. H. 516. This last case is much like the present. In a suit upon a bond for the ease and relief of a poor debtor, the defence was that the debtor had taken the oath prescribed by law; and to prove notice of the application, the sheriff's return upon it, that he had left a true copy with the creditor, was introduced, whereupon the plaintiff offered to prove by the copy itself, certified by the officer, that it purported to be the application of *Samuel* Stevens instead of *Lemuel* Stevens, as in the original; but it was decided that the return of the officer, as in other cases, was conclusive.

In the case of a summons left with a debtor, when his goods and estate are attached, the defendant is not estopped by the return, but may cause the summons to be enrolled and become part of the record, and may then plead the defect in the summons. *Nelson* v. *Swett*, 4 N. H. 256.

The reason for the distinction between this case and that of a copy left by the officer is not stated; but it is obvious that there is a distinction in this, that in the former case the summons is the process of the court, for which the officer is not responsible, while, on the other hand, the copy is made by him and is his act for the correctness of which he is responsible.

But whatever may be the reasons for it, the distinction is now well established.

If, then, it appears by the officer's return that a true copy of the writ was left with the defendant, it is conclusive in this suit, and *the exceptions are overruled.*